Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
11835 W. Olympic Blvd., Ste. 1275
Los Angeles, California 90064
Tel: (310) 312-6800
Fax: (310) 943-2582
greg@karasiklawfirm.com

Attorneys for Plaintiff
DEMETRIOT K. LEWIS

[additional counsel listed on next page]

Brent M. Giddens, State Bar No. 133652
Kent J. Sprinkle, State Bar No. 226971
Kimberly M. Foster, State Bar No. 243216
**CAROTHERS DiSANTE & FREUDENBERGER LLP**
601 Montgomery Street, Suite 350
San Francisco, California 94111
Telephone: (415) 981-3233
Facsimile: (415) 981-3246
E-Mail: bgiddens@cdflaborlaw.com
        ksprinkle@cdflaborlaw.com
        kfoster@cdflaborlaw.com

Attorneys for Defendant
SAFELITE FULFILLMENT, INC.

[additional counsel listed on next page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIOT K. LEWIS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SAFELITE FULFILLMENT INC.; and DOES 1 through 10.<br><br>Defendants. | Case No. CV-11-5512-CRB<br><br>**STIPULATION RE EXTENSION OF MOTION HEARING CUTOFF DATES AND ORDER THEREON** |

Additional Counsel

Alexander I. Dychter (SBN 234526)
alex@dychterlaw.com
**Dychter Law Offices, APC**
1010 Second Ave., Suite 1835
San Diego, California 92101
Tel: (619) 487-0777
Fax: (619) 330-1827

Attorneys for Plaintiff
DEMETRIOT K. LEWIS

Andrew C. Smith Ohio Registration No. 0008136
Robert A. Harris, Ohio Registration No. 0059549
Daniel J. Clark, Ohio Registration No. 0075125
**VORYS, SATER, SEYMOUR & PEASE LLP**
52 East Gay Street
Columbus, OH 43215
Telephone: (614) 464-6400
Facsimile: (614) 464-6350
E-mail: acsmith@vorys.com
　　　　 raharris@vorys.com
　　　　 djclark@vorys.com

*Admitted Pro Hac Vice*

Attorneys for Defendant
SAFELITE FULFILLMENT, INC.

　　　　Plaintiff Demetriot K. Lewis ("Plaintiff"), and defendant Safelite Fulfillment, Inc. ("Defendant"), by and through their counsel of record, hereby enter into the following Stipulation re Extension of Motion Cutoff Date and mutually request the Court to enter an order in accordance therewith.

## STIPULATION

　　　　1.　　Plaintiff initiated this action on November 14, 2011. In his complaint, Plaintiff asserts claims against Defendant for unpaid overtime wages under the Fair Labor Standards Act, which Plaintiff seeks to pursue as a collective action under 29 U.S.C. Section 216, and various wage and hour claims against Defendant under California law, which Plaintiff seeks to pursue as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. At a case management conference on July 20, 2012, the Court set the following deadlines:

| | |
|---|---|
| Motion to Certify Rule 23 Class and Dispositive Motions | April 30, 2013 |
| Motion for Decertification if an FLSA Class is Conditionally Certified | June 30, 2013 |
| Discovery Cut-off | June 30, 2013 |

3. The parties have exchanged written discovery. Among other things, Defendant provided Plaintiff with the names and addresses of putative class members in California and produced nearly a thousand pages of documents. To date, neither party has yet taken any depositions.

4. Due to the volume of documents, the number of putative class members, and scheduling issues, it has taken Plaintiff longer than previously anticipated to complete his investigation and discovery.

5. In light of the foregoing, Plaintiff requests that the cut-off dates listed above for the Motion to Certify the Rule 23 Class and Dispositive Motions be extended by 60 days to July 2, 2013. Defendant has no objection to Plaintiff's request for this extension.

6. Plaintiff intends to file his Motion for Conditional Certification of the nationwide FLSA collective action at the same time he files his Motion for Certification of his state law class action pursuant to Rule 23. Should the Court order conditional certification of the nationwide FLSA class, the parties will then have to prepare the opt-in notice, submit that notice to the Court for approval, and then send the Court-approved notice to the potential nationwide class members; conduct additional discovery based on those who opt in to participate in the collective action; and then prepare a decertification motion for filing 35 days before the scheduled hearing date. Defendant respectfully suggests that the current deadline providing only 60 days from the date of the hearing on the Motion for Certification until the hearing on the Motion for Conditional Certification provides insufficient time for all of this to occur. Defendant thus requests that the hearing date for the motion for decertification be extended by an additional 60 days. Plaintiff has no objection to this request.

8. The extensions requested herein will not result in any prejudice or undue delay. The Court has not yet scheduled a trial date.

9. For the foregoing reasons, the parties mutually request that the Court revise and extend the existing case schedule as follows:

| | |
|---|---|
| Deadline for filing Rule 23 Motion for Certification, Motion for Conditional Certification of FLSA Collective Action, and Dispositive Motions: | May 16 |
| Deadline for Filing Opposition to Rule 23, FLSA Conditional Certification, and Dispositive Motions: | June 6 |
| Deadline for filing Reply in support of Rule 23, FLSA Conditional Certification, and Dispositive Motions: | June 17 |
| Hearing on Rule 23, FLSA Conditional Certification, and Dispositive Motions: | July 2 |
| Hearing on Motion for Decertification if FLSA Conditional Certification is granted: | 120 days from Order granting Conditional Certification |
| Discovery Cut-off, if both Rule 23 and FLSA Conditional Certification are denied: | 30 days from last Order denying Rule 23 and FLSA Conditional Certification motions |
| Discovery Cut-off, if either Rule 23 or FLSA Conditional Certification is granted: | 120 days from last Order granting Rule 23 and/or FLSA Conditional Certification motions |

1
2
                                              Respectfully submitted,
3
   Dated:  February 19, 2013                  KARASIK LAW FIRM
4                                             DYCHTER LAW OFFICES, APC

5                                             By      /Gregory N. Karasik_____
                                                      Gregory N. Karasik
6                                                     Attorneys for Plaintiff
                                                      DEMETRIOT K. LEWIS
7
   Dated:   February 19, 2013                 CAROTHERS, DiSANTE & FREUDENBERGER LLP
8

9                                             By:     /Kent J. Sprinkle_____
                                                      Kent J. Sprinkle
10                                                    Attorneys for Defendant
                                                      SAFELITE FULFILLMENT, INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                                                        5

**ORDER**

Good cause having been shown, it is hereby ordered that the case schedule previously set by the Court is modified as follows:

| | |
|---|---|
| Deadline for filing Rule 23 Motion for Certification, Motion for Conditional Certification of FLSA Collective Action, and Dispositive Motions: | May 16 |
| Deadline for Filing Opposition to Rule 23, FLSA Conditional Certification, and Dispositive Motions: | June 6 |
| Deadline for filing Reply in support of Rule 23, FLSA Conditional Certification, and Dispositive Motions: | June 17 |
| Hearing on Rule 23, FLSA Conditional Certification, and Dispositive Motions: | July 2 |
| Hearing on Motion for Decertification if FLSA Conditional Certification is granted: | 120 days from Order granting Conditional Certification |
| Discovery Cut-off, if both Rule 23 and FLSA Conditional Certification are denied: | 30 days from last Order denying Rule 23 and FLSA Conditional Certification motions |
| Discovery Cut-off, if either Rule 23 or FLSA Conditional Certification is granted: | 120 days from last Order granting Rule 23 and/or FLSA Conditional Certification motions |

IT IS SO ORDERED.

DATED: Feb. 21, 2013

_____
Hon. Charles R. Breyer
United States District Judge
Northern District of California

6